FILED

Jul 15 2019, 7:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

W. Edward Skees
THE SKEES LAW OFFICE
New Albany, Indiana

ATTORNEYS FOR APPELLEES

Michael M. Maschmeyer
Jeffersonville, Indiana

John D. Cox
LYNCH, COX, GILMAN &
GOODMAN, P.S.C.
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christal Trowbridge,<br>*Appellant,*<br><br>v.<br><br>The Estate of Everett Thomas<br>Trowbridge, and<br>Michael T. Trowbridge,<br>*Appellees.* | July 15, 2019<br><br>Court of Appeals Case No.<br>19A-ES-265<br><br>Appeal from the Clark Circuit<br>Court<br><br>The Honorable Andrew Adams,<br>Judge<br><br>The Honorable Kenneth R. Abbott,<br>Magistrate<br><br>Trial Court Cause No.<br>10C01-1807-ES-32 |

**Bailey, Judge.**

# Case Summary

[1] Christal Trowbridge ("Trowbridge"), the ex-wife of Everett Thomas Trowbridge ("the Decedent"), offered for probate his purported last will and testament. The Estate objected, and the probate court issued an order denying probate of the will and declaring that the Decedent had died intestate. Trowbridge presents a consolidated and restated issue which we find to be dispositive: whether the judgment is contrary to law due to the misplacement of the burden of proof. We reverse and remand.

# Facts and Procedural History

[2] The Decedent died on June 6, 2018, survived by his father and his brother, Michael Trowbridge ("Michael"). On July 13, 2018, Michael filed a Petition for Issuance of Letters of Administration, asserting that the Decedent had died intestate.

[3] On November 13, 2018, Trowbridge filed her Petition for Probate of Will and Appointment of Co-Personal Representative. She asserted that the Decedent had died testate pursuant to a will executed on April 30, 2012, shortly after the couple had divorced. The proffered will provided that Michael and Trowbridge were to be co-executors of the Decedent's estate. The will terms decreed that a Chase Bank retirement plan was to be divided 75% to Michael and 25% to Trowbridge. The remainder of the property – consisting of a residence,

personal property, motor vehicle, and an Edward Jones retirement plan – was bequeathed to Trowbridge.

[4] The proffered will was a form will with handwritten entries filling the blanks; it was signed, witnessed, and notarized. In one margin, there appeared a handwritten designation of a combination to a safe. On November 14, 2018, the personal representative of the Estate filed an Objection to Probate of Will.

[5] On January 9, 2019, the probate court conducted a hearing at which three witnesses testified: Trowbridge, Michael, and the attorney for the Estate, Michael Maschmeyer ("Maschmeyer"). Trowbridge testified that she had proffered an original will executed by the Decedent. She further testified that she and the Decedent had last had contact shortly after the divorce, yet he had never removed her as the beneficiary of certain investment funds.

[6] Without objection, the Estate's attorney testified in narrative form regarding his professional consultation with Trowbridge. He testified that Trowbridge had, after learning he was the Estate's attorney, brought into his office "a signed copy or duplicate of the original will" and she had "said, in essence, that it was a signed copy and the original was to be in the safe." (Tr. at 15.) In rebuttal, Trowbridge denied making a statement that the original will would be found in the Decedent's safe. Michael testified that he opened the Decedent's safe and found no will inside.

[7] In closing argument, Maschmeyer asked that the probate court credit his testimony and find that the proffered will was a copy, such that the absence of

an original would give rise to a presumption that the original had been destroyed. In turn, Trowbridge's attorney asked that the probate court find the proffered document to be the original will. The probate court expressed its inability to discern the originality of the proffered document and noted the absence of expert testimony.

[8] On January 10, 2019, the probate court issued an order providing: "The Petition for Probate of Will and Appointment of Co-Personal Representative is denied, and the Objection to Probate of Will is granted." Appealed Order at 3. Trowbridge now appeals.

# Discussion and Decision

[9] Trowbridge claims that the probate court erred as a matter of law. Allegedly, the probate court (1) disregarded Indiana Code Section 29-1-7-20 by placing the ultimate burden of proving will authenticity upon its proponent as opposed to its contestor and (2) applied a presumption that the testator had destroyed his will with intent to revoke, absent a predicate finding that the testator had retained possession or control of the will.

[10] When a probate court enters findings of fact and conclusions of law, we apply a two-tiered standard of review. *In re Eiteljorg*, 951 N.E.2d 565, 569 (Ind. Ct. App. 2011), *trans. denied*. We first consider whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* Considering only the evidence favorable to the judgment, we do not reweigh

the evidence and we do not assess witness credibility. *Id.* We will set aside the findings and conclusions only if they are clearly erroneous; that is, if the record lacks facts or inferences supporting them. *Id.* However, we apply a de novo standard of review to conclusions of law. *Id.*

[11] Indiana Code Section 29-1-7-20 governs the burden of proof in a will contest, and states: "the burden of proof is upon the contestor." The contestor, while retaining the ultimate burden of proof, may have the benefit of a presumption in certain circumstances.

> In Indiana, the general rule is that where a testator retains possession or control of a will and the will is not found at the testator's death, a presumption arises that the will was destroyed with the intent to revoke it. *Matter of Estate of Borom*, 562 N.E.2d 772, 775 (Ind. Ct. App. 1990). The proponent of the will may rebut that presumption by introducing evidence which tends to support a contrary conclusion such that destruction with the intent to revoke is disproven by a preponderance of the evidence. *Id.* When a copy of the will is offered for probate, and probate of the copy is contested, the burden of proof remains on the contesting party through the proceeding to establish that the will was in fact revoked. Ind. Code § 29-1-7-20. However, the contestor is aided by the presumption of destruction with the intent to revoke. *Matter of Estate of Borom*, 562 N.E.2d at 776. That presumption shifts the burden of going forward to the proponent of the will to present evidence to rebut the presumption. *Id.* Of course, the contestor still retains the ultimate burden of proof. *Id.*

*Estate of Fowler v. Perry*, 681 N.E.2d 739, 741 (Ind. Ct. App. 1997).

In the order on appeal, the probate court recited the procedural history, reviewed the holding in *Estate of Fowler,* and provided the following reasoning for its decision:

> 10. Neither party has contested the fact that the Decedent had possession or control of the Will after its execution. Such possession or control is supported by the inscription of the combination of his safe on the second page of the Will;
>
> 11. Trowbridge and other family members knew that the Decedent had a safe where he kept cash and important personal papers. In fact, several important documents were found in the safe after his death. However, no Will was found;
>
> 12. Trowbridge asserted at trial that she had the original Will;
>
> 13. Maschmeyer asserted at trial that Trowbridge told him that the original of the Will was in the Decedent's safe, leading to the assumption that the Will in her possession was a copy;
>
> 14. The Will proffered to the Court as the original had no distinguishing marks that would allow the Court to determine that it was an original or a copy;
>
> 15. Trowbridge did not proffer any expert evidence to shed light on whether the Will was an original or a copy;
>
> 16. Trowbridge proffered testimony that she had received money from mutual funds of the Decedent as the beneficiary of the mutual funds. This condition of facts has little if any relevance as to the possible revocation of the original Will;

17. The Court cannot determine by a preponderance of the evidence, either from the conflicting testimony of Trowbridge and Maschmeyer, or from the condition of the Will, whether the Will in the possession of Trowbridge was the original;

18. Trowbridge has not overcome the presumption that the original Will was intentionally revoked by the Decedent[.]

Appealed Order at 2-3.

[13] The language of the first sentence of Paragraph 10, referencing a purported agreement that the Decedent had retained possession of his will, is facially inconsistent with the language of Paragraph 12, recognizing that Trowbridge claimed at trial to have the original. And the parties in fact contested whether the Decedent had kept his will in his safe or instead tendered the original document to Trowbridge. It was central to their controversy. The presumption of destruction with intent to revoke would be operable only if (1) the testator retained possession or control of a will and (2) the will was not found at his death. *Estate of Fowler*, 681 N.E.2d at 741. The probate court found the inscription of the safe combination on the proffered will to be "support" for the Decedent having possession or control, but the court did not make a factual finding that he had done so.

[14] In other language, the probate court summarized Maschmeyer's testimony that he had been told the original was to be found in the Decedent's safe, but the probate court did not adopt the testimony. "A court or an administrative agency does not find something to be a fact by merely reciting that a witness

testified to X, Y, or Z.  Rather, the trier of fact must find that what the witness testified to is the fact." *In re Adoption of T.J.F.*, 798 N.E.2d 867, 874 (Ind. Ct. App. 2003) (citation omitted).  Such findings are treated as mere surplusage. *Pitcavage v. Pitcavage*, 11 N.E.3d 547, 553 (Ind. Ct. App. 2014).

[15]  Thus, without factually determining whether the proffered will was an original or a copy, the probate court treated it as a copy.  Even so,

> [w]hen a copy of that [missing] will is offered for probate, and probate of the copy is contested, the burden of proof remains on the contesting party throughout the proceeding to establish that the will was in fact revoked.

*Estate of Borom*, 562 N.E.2d 772, 775-76 (Ind. Ct. App. 1990).  The outcome here was driven by applying a presumption that a will in the testator's possession later found missing was missing because the testator destroyed it with intent to revoke.  But there must be a predicate finding of possession for something to be missing from one's possession.  Notwithstanding deficiency in this regard, the probate court afforded the Estate the presumption that the original was destroyed with intent to revoke.  Had the presumption been supported by the evidence, it would have shifted to Trowbridge the burden of going forward with evidence to rebut the presumption.  *See id.* at 776.  The probate court summarily concluded that Trowbridge failed to rebut the presumption with admissible and relevant evidence.  By statute, the Estate, as contestor of the proffered will, bore the ultimate burden of proof.  Moreover, the Estate was not entitled to a presumption in its favor without predicate

factual findings.  Because the probate court misplaced the burden of proof, its decision is contrary to law.

# Conclusion

[16]    The appealed order is contrary to law.  Accordingly, we reverse and remand for further proceedings consistent with this opinion.

[17]    Reversed and remanded.


Riley, J., and Pyle, J., concur.